14-4330
*United States v. Rozbruch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand and fifteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Plaintiff-Counter-Defendant-Appellee,*

    -v.-                        No. 14-4330

JACOB ROZBRUCH, MARSHA ROZBRUCH,
EAST 72ND STREET ORTHOPAEDIC SURGERY
SPECIALISTS, PC,

      *Defendants-Cross-Defendants-Appellants.*

_____

FOR APPELLANTS:     Jeremy Klausner (Lawrence Sannicandro, *on the brief*), Agostino & Associates, Hackensack, NJ.

FOR APPELLEE:     Tomoko Onozawa, Assistant United States Attorney (Benjamin Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendants-Appellants Jacob Rozbruch, Marsha Rozbruch, and East 72nd Street Orthopaedic Surgery Specialists, P.C. (collectively "Appellants") appeal from a judgment of the United States District Court for the Southern District of New York, entered pursuant to Federal Rule of Civil Procedure 54(b), against the Rozbruchs for unpaid Trust Fund Recovery Penalty ("TFRP") liabilities.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

---

[1] We review the district court's grant of summary judgment *de novo*.  *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010).

Appellants argue that the District Court erred in holding that TFRPs imposed pursuant to Section 6672(a) of the Internal Revenue Code, 26 U.S.C. § 6672(a), do not trigger the written supervisory approval requirement of Section 6751(b)(1), *id.* § 6751(b)(1).  But even assuming, without deciding, that TFRPs are governed by Section 6751(b)(1), the record here nevertheless supports a finding that the Government functionally satisfied Section 6751(b)(1)'s written supervisory approval requirement.  Thus, we affirm the District Court's grant of summary judgment, which reduced to judgment Appellants' unpaid TFRPs.  *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.").

We have considered all of Appellants' remaining arguments and find them to be without merit.  Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3